**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| GREAT BOWERY INC., d/b/a "Trunk Archive," a Delaware corporation; ANNIE LEIBOVITZ, an individual<br><br>Plaintiffs,<br><br>    v.<br><br>OBSERVER HOLDINGS LLC, a New York limited liability company, d/b/a "Observer Media"; and DOES 1-10,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR:**<br>1. COPYRIGHT INFRINGEMENT;<br><br>2. VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT;<br><br><br>**JURY TRIAL DEMANDED** |

1

Plaintiffs, Annie Leibovitz and Great Bowery, Inc., by their attorneys Doniger / Burroughs, for their complaint against Defendants, Observer Holdings LLC, d/b/a "Observer Media," and Does 1-10, allege as follows:

## JURISDICTION AND VENUE

1.    This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq.*

2.    This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a).

3.    Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred and Defendants and/or Defendants' agents reside or may be found in this judicial district.

## PARTIES

4.    Plaintiff Annie Leibovitz is an individual residing in New York City.

5.    Plaintiff Great Bowery, Inc., d/b/a Trunk Archive ("Trunk Archive"), is a Delaware corporation with its principal place of business in New York.

6.    On information and belief, Plaintiffs allege that Defendant Observer Holdings LLC ("Observer") is a New York limited liability company with its principal place of business at 1 Whitehall Street, 7th Floor, New York, NY 10004. Upon further information and belief, Observer Holdings LLC operates under the trade name "Observer Media," owns and operates *observer.com*, and is the parent company of various subsidiaries and affiliates.

7.    Defendants Does 1 through 10, inclusive, (collectively with Observer Holdings LLC, "Defendants") are other parties who have infringed Plaintiffs' copyright, have contributed to the infringement of Plaintiffs' copyright, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Plaintiffs, who therefore sue said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

8.    Plaintiffs are informed and believe and thereon allege that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiffs' rights and the damages proximately caused thereby.

## CLAIMS RELATED TO SUBJECT PHOTOGRAPH

9.    Leibovitz is a world-renowned photographer acclaimed for capturing celebrity portraits with profound intimacy and insight, including the likes of John Lennon, Bill Clinton, Clint Eastwood, Queen Elizabeth, and many more. Leibovitz's work has been featured in, among others, *Vanity Fair* and *Rolling Stone,* as well as the National Portrait Gallery.

10.   Trunk Archive is a full-service photography licensing and syndication agency who represents some of the most prominent photographers in the world, including Leibovitz.

11.   Trunk Archive is the exclusive licensee with the right to display, distribute, or otherwise authorize the use of certain works of the photographers they represent, including the works at issue here.

12.   Leibovitz created and owns the original photograph of Justin Bieber and Hailey Rhode Bieber, depicted below ("Subject Photograph"):

///

///

///

3

| SUBJECT PHOTOGRAPH |
| --- |



13.    Leibovitz is the owner of the copyright in the Subject Photograph and registered the copyright for same with the United States Copyright Office. Leibovitz provided Trunk Archive an exclusive license for certain rights in the Subject Photograph as set forth above.

14.    Prior to the acts complained of herein, Plaintiffs widely publicly displayed and disseminated the Subject Photograph, including through Trunk Archive's offering same for license.

15.    Leibovitz and Trunk Archive routinely include identifying copyright management information with the Subject Photograph, including metadata.

16.    Plaintiffs are informed and believe and thereon allege that following their publication and display of the Subject Photograph without Plaintiffs' authorization or consent, Defendants copied and displayed the Subject Photograph, including without limitation on the commercial website *observer.com*, owned and operated by Observer Media ("Infringing Uses"). A true and correct exemplar is depicted below along with its corresponding URL.

| INFRINGING USES |
| --- |
| **URL:** *https://www.observer.com/2020/02/hailey-baldwin-justin-bieber-waited-move-in-together-marriage-relationship-home/* <br>  |

17.   The above exemplar is not meant to encompass all Infringing Uses; the claims made herein are as to any image displayed, published and distributed by Defendants, and/or each of them, that incorporate without permission, in whole or in part, the Subject Photograph.

18.   A comparison of the Subject Photograph with the corresponding image of the Infringing Use reveals that the elements, composition, colors, arrangement, subject, lighting, angle, and overall appearance of the images are identical or substantially similar.

19.   On information and belief, Plaintiffs allege that Defendants, and each of them, were involved in developing the Infringing Uses, and/or supplying, marketing, distributing, selling, and otherwise providing the Infringing Uses to third parties, including without limitation, the public.

20. Plaintiffs at no time authorized Defendants, or any of them, to use the Subject Photograph as complained of herein, and at no time did Defendants seek a license or authorization to use the Subject Photograph.

21. On or around May 24, 2024, Plaintiffs sent a letter through counsel notifying Defendants that their unauthorized exploitation of the Subject Photograph infringed upon Plaintiffs' copyright, and demanding they cease and desist from same.

22. Despite this, Defendants failed to respond and the Infringing Uses remain live on *observer.com* as of the filing of this Complaint.

### FIRST CLAIM FOR RELIEF

**(Copyright Infringement - Against All Defendants, and Each)**

23. Plaintiffs repeat, re-allege, and incorporate herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

24. Plaintiffs allege on information and belief that Defendants, and each of them, accessed the Subject Photograph by, without limitation, viewing the Subject Photograph on Plaintiffs' websites or social media profiles, on other sites online, or in Plaintiffs' numerous online profiles. Access is further evidenced by the Subject Photograph's exact or near-exact reproduction in the Infringing Uses.

25. Defendants, and each of them, infringed Plaintiffs' copyright by copying, publishing, and displaying the Subject Photograph to the public, including without limitation, the websites set forth above, without Plaintiffs' authorization or consent.

26. Due to Defendants', and each of their, acts of infringement, Plaintiffs have suffered general and special damages in an amount to be established at trial.

27. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Plaintiffs' rights in the Subject Photograph. As such, Plaintiffs are entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of their rights in the Subject Photograph in an amount to be established at trial.

28.   Plaintiffs are informed and believe and thereon allege that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement. Within the time permitted by law, Plaintiffs will make their election between actual damages and statutory damages.

## SECOND CLAIM FOR RELIEF

**(Vicarious and/or Contributory Copyright Infringement - Against All Defendants, and Each)**

29.   Plaintiffs repeat, re-allege, and incorporate herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

30.   Plaintiffs are informed and believe and thereon allege that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and distribution of the Subject Photograph as alleged herein. Such conduct included, without limitation, publishing the Subject Photograph obtained from third parties that Defendants knew, or should have known, were not authorized to publish the Subject Photograph.

31.   Plaintiffs are informed and believe and thereon allege that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct. Specifically, Defendants, and each of them, received revenue in connection with the *observer.com* website listing that incorporated the unauthorized copy of the Subject Photograph, and were able to supervise the publication of said posts.

32.   By reason of the Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, Plaintiffs have suffered and will continue to suffer substantial damages to their business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

33.   Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Plaintiffs' rights in the Subject Photograph. As such, Plaintiffs are entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of their rights in the Subject Photograph, in an amount to be established at trial.

34.   Plaintiffs are informed and believe and thereon allege that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement and/or a preclusion from asserting certain equitable and other defenses. Within the time permitted by law, Plaintiffs will make their election between actual damages and statutory damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment as follows:

a.   That Defendants, and each of them, as well as their employees, agents, or anyone acting in concert with them, be enjoined from infringing Plaintiffs' copyright in the Subject Photograph, including, without limitation, an order requiring Defendants, and each of them, to remove the Subject Photograph from their respective websites, catalogs, marketing and advertisement materials.

b.   That Plaintiffs be awarded all profits of Defendants, and each of them, plus all losses of Plaintiffs, plus any other monetary advantage gained by the Defendants, and each of them, through their infringement, the exact sum to be proven at the time of trial, and/or, to the extent available, statutory damages as available under the 17 U.S.C. § 504 and other applicable law.

c.   That a constructive trust be entered over any revenues or other proceeds realized by Defendants, and each of them, through their infringement of Plaintiffs' intellectual property rights.

8

d.  That Plaintiffs be awarded their attorneys' fees and full costs as available under the 17 U.S.C. § 505.

e.  That Plaintiffs be awarded pre- and post-judgment interest as permitted by law; and

f.  That Plaintiffs be awarded such further legal and equitable relief as the Court deems proper.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury in this action of all issues so triable.

Dated:    July 15, 2026                          Respectfully submitted,
          New York, New York

                                                 DONIGER / BURROUGHS

                                                 By: */s/ Alexandra Licitra*
                                                     Alexandra Licitra, Esq.
                                                     Scott Alan Burroughs, Esq.
                                                     247 Water Street, First Floor
                                                     New York, New York 10038
                                                     (310) 590-1820
                                                     alicitra@donigerlawfirm.com
                                                     scott@donigerlawfirm.com
                                                     *Attorney for Plaintiffs*

9